IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DISIVION

**MICHAEL PUSHA**                                                                            **PETITIONER**
ADC #105492

v.                          Case No. 4:21-cv-00964-JM-JTK

**ARKANSAS, STATE OF**[1]                                                   **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

---

[1] Dexter Payne is the custodian of Petitioner Michael Pusha. The Clerk is directed to change the Respondent to Dexter Payne, Director, Arkansas Division of Correction. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (The proper respondent is the **warden of the facility where the prisoner is being held).**

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the United States Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, Untied States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

## DISPOSITION

Petitioner Michael Pusha is a prisoner currently confined in the Arkansas Department of Correction. On October 20, 2021, he filed this 28 U.S.C. 2254 habeas action (Doc. No. 1). For the reasons set forth below, it is recommended Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) be summarily dismissed.[2] It is further recommended that a certificate of appealability not issue.

Petitioner previously challenged his conviction pursuant to 28 U.S.C. § 2254. *See Pusha v. Payne*, 5:19-CV-00161-JM (E.D. Ark). Adopting the recommended disposition of the United States Magistrate Judge, the United States District Judge dismissed the petition without prejudice.

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a prima facie showing that he meets all of the

---

[2] Summary dismissal of a habeas corpus petition—prior to a response or answer from the respondent—is appropriate where the petition itself and court records show that the petition is a second or successive petition filed without authorization from the court of appeals. *See* Rule 4, Rules Governing Habeas Corpus Cases.

requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is a successive petition. There is no indication from the record that Petitioner sought and received authorization from the Eighth Circuit Court of Appeals before filing this petition. This Court, therefore, lacks jurisdiction; and the petition should be summarily dismissed.

## Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Pusha has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Pusha has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## CONCLUSION

The Court recommends that the petition for writ of habeas corpus (Doc. No. 1) be dismissed without prejudice for lack of jurisdiction. The Court further recommends that the Court decline to issue a certificate of appealability.

DATED THIS 2nd day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE